**Opinion issued January 30, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00552-CR

———————————

**HILLARY EVANS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Case No. 85415-CR**

---

## MEMORANDUM OPINION

Appellant, Hillary Evans, entered into a plea bargain with the State in which she agreed to plead guilty to the offense of harassment by persons in certain correctional facilities in return for the State's recommendation of a two-year sentence. The trial court entered judgment in accordance with the plea bargain,

sentencing appellant on June 17, 2019 to two years' incarceration in the Texas Department of Criminal Justice, Institutional Division. We dismiss.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal.[1] *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

---

[1] The trial court's certification also states that appellant waived the right of appeal. Appellant marked her initials beside waiver as well as the statement that she had no right to appeal because this was a plea-bargain case.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Landau and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).